UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LATASHA DOUGLAS,

                                  Plaintiff,

        -against-

CITY OF NEW YORK DEPARTMENT OF
SANITATION,

                                  Defendant.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 2811 (DLC)(JCF)

        Defendant, Department of Sanitation of the City of New York ("DSNY"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        4.     Deny the allegations set forth in the paragraph "4" of the Complaint, except admit plaintiff purports to invoke the jurisdiction in this Court as set forth therein.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke venue in this Court as set forth therein.

        6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff received

a right-to-sue letter and respectfully refers the Court to attachment annexed to the Complaint for a complete and accurate statement of its contents.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. In response to the allegations set forth in paragraph "9" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1," through "8," inclusive of their answer, as if fully set forthhere.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint concerning plaintiff's race, except admit that plaintiff is employed as Sanitation Worker with DSNY since 1993.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph set forth in paragraph "12" of the Complaint, except admit that plaintiff has filed several internal equal employment opportunity ("EEO") complaints with DSNY.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff filed a charge of discrimination with New York City Commission of Human Rights.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff took a leave of absence from the DSNY in 2004.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff filed an internal EEO complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25 of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1," through "24," inclusive of their answer, as if fully set forth here.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28 of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1," through "27,"inclusive of their answer, as if fully set forth here.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1," through "29," inclusive of their answer, as if fully set forth here.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1," through "33," inclusive of their answer, as if fully set forth here.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

**FOR A FIRST DEFENSE:**

37. The Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

38. All, or part of the claims alleged herein, are barred by the applicable statute of limitations.

**FOR A THIRD DEFENSE:**

39. Any allegations pursuant to ADA that are based on conduct that occurred more than 300 days before plaintiff filed his charge of discrimination with the United States Equal Employment Opportunity Commission are time-barred.

**FOR A FOURTH DEFENSE:**

40. This action is barred, in whole or in part, because plaintiff failed to perform all the conditions precedent to filing this lawsuit.

## FOR A FIFTH DEFENSE:

41.     The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion or judicial estoppel, or any combination of these doctrines.

## FOR A SIXTH DEFENSE:

42.     This action is barred, in whole and in part, by plaintiff's own culpable or negligent conduct.

## FOR A SEVENTH DEFENSE:

43.     Plaintiff has failed to mitigate her damages.

## FOR AN EIGHTH DEFENSE:

44.     At all times relevant to the acts alleged in the Complaint, defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to plaintiff were for legitimate business reasons and were nondiscriminatory and nonretaliatory.

## CONCLUSION

**WHEREFORE,** defendant respectfully requests that this Court enter an order dismissing the Complaint in its entirety, denying all relief requested therein, entering judgment for defendant and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 21, 2007

                                              MICHAEL A. CARDOZO
                                              Corporation Counsel of the
                                                City of New York
                                              Attorney for Defendants
                                              100 Church Street, Room 2-144
                                              New York, New York 10007
                                              (212) 788-0895

                                      By:    _____
                                                 Rippi Gill (RG 5338)
                                                Assistant Corporation Counsel

To:   **LAW OFFICE OF PAUL N. CISTERNINO, P.C.**
      Attorney for Plaintiff
      701 Westchester Ave., Ste. 308W
      White Plains, NY 10604
      Att: Paul N. Cisternino
      (914) 330-1527

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

LATASHA DOUGLAS,

                                     Plaintiff,

            -against-                              07 Civ. 2811 (DLC)(JCF)

CITY OF NEW YORK DEPARTMENT OF
SANITATION,

                                     Defendants.

------------------------------------------------------------------------ X

## CERTIFICATE OF SERVICE

    I, **RIPPI GILL,** hereby certify that, on May 21, 2007, I caused a true and correct copy of the foregoing ANSWER to be served by regular mail on the following:

        **LAW OFFICE OF PAUL N. CISTERNINO, P.C.**
        701 Westchester Ave., Ste. 308W
        White Plains, NY 10604
        Att: Paul N. Cisternino

Dated:      New York, New York
              May 21, 2007

                                                                     Rippi Gill (RG 5338)
                                                            Assistant Corporation Counsel

07 Civ. 2811 (DLC)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATASHA DOUGLAS,

Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF SANITATION,

Defendants.

**DEFENDANT'S ANSWER TO THE COMPLAINT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Rm 2-144
New York, N.Y. 10007-2601

Of Counsel:  Rippi Gill
Tel:  (212) 788-0895

City No. 2007-015225

*Due and timely service is hereby admitted.*

New York, N.Y. ................................., 200....

.................................................
Attorney for.............